UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RICCO D. SLADE,

                *Plaintiff*,

– against –

CITY OF NEW YORK, NYPD, JOHN DOE DETECTIVE #1, JOHN DOE DETECTIVE #2, QUEENS DEFENDERS, and PETER BARTA,

                *Defendants*.

**MEMORANDUM & ORDER**
24-cv-06711 (NCM) (JAM)

**NATASHA C. MERLE**, United States District Judge:

*Pro se* plaintiff Ricco D. Slade, currently incarcerated at Auburn Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983 ("Section 1983") in the United States District Court for the Southern District of New York ("SDNY"). *See* Compl., ECF No. 1 (the "Complaint"). Chief Judge Laura Taylor Swain granted plaintiff's request to proceed *in forma pauperis* ("IFP"). *See* IFP Order, ECF No. 5. By Order dated September 5, 2024, Chief Judge Swain severed plaintiff's claims related to his Queens County arrest and criminal proceedings, and transferred that portion of the Complaint to this Court. *See* Partial Transfer Order & Order to Amend 7–9, ECF No. 7.[1]

As set forth below, the Court dismisses the Complaint as to the City of New York, the New York Police Department ("NYPD"), the Queens Defenders, and Peter Barta. The case as to John Doe Detective #1 and John Doe Detective #2 shall proceed.

---

[1]     Where necessary, page numbers for the Complaint refer to the page numbers assigned in ECF filing headers.

1

## BACKGROUND

The following allegations pertain to the claims that were transferred to this Court.[2] Plaintiff alleges that his constitutional rights were violated as a result of his arrest on December 28, 2022, and events that followed. Compl. 4. On that day, plaintiff alleges to have been contacted by a detective who requested to visit his job site to "ask [plaintiff] a few questions," after which he was arrested for robbery by officers from the 110th Police Precinct in Queens. Compl. 4–5. Plaintiff claims that officers confiscated his prayer beads and that, once detectives arrived, plaintiff was not read his *Miranda* rights. Compl. 6. Plaintiff states that he was arraigned on January 30, 2023, and that Peter Barta was assigned to represent him on March 30, 2023. Compl. 8. At his March 30 court appearance, Mr. Barta allegedly informed plaintiff that his case was "not triable" due to the evidence against him and that the District Attorney's first offer was "15 to [l]ife." Compl. 8. The Court takes judicial notice that plaintiff has been in state custody since filing this Complaint. *See* Compl. 3–5; Prisoner Authorization, ECF No. 3; Incarcerated Lookup, Dep't of Corr. & Comm. Supervision, https://nysdoccslookup.doccs.ny.gov/ [https://perma.cc/SD4Y-EKP8] (Ricco Slade, DIN 24B2450) (last visited 12/10/24).

---

[2] The remaining claims related to plaintiff's detention on Rikers Island—including allegations related to an attack by another inmate, the alleged loss of property, and the denial of religious exercise—as well as the claims related to his detention at Bellevue Hospital are before Chief Judge Swain and are not discussed herein.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While all factual allegations contained in the complaint are assumed to be true, this presumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Further, when the court reviews a *pro se* complaint it must hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Nonetheless, the Prison Litigation Reform Act ("PLRA") requires a district court to screen a civil complaint brought by an incarcerated person against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, under Section 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[3] Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

## DISCUSSION

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right secured by the Constitution or laws of the United States; and (2) that they did so under color of state law." *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

I. <u>City of New York</u>

A municipality such as the City of New York can be liable under Section 1983 only if an "action pursuant to official municipal policy of some nature" caused the alleged deprivation of plaintiff's rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60–61 (2011). Municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick,* 563 U.S. at 60. Here, plaintiff does not make any specific assertions against the City of New York nor does the Complaint suggest a claim against the City of New York. *See, e.g., Corley v. Vance*, 365 F. Supp. 3d 407, 449–50 (S.D.N.Y. 2019) (finding that the plaintiff failed to state a claim of municipal liability where allegation of official policy lacked "factual detail"), *aff'd*,

811 F. App'x 62 (2d Cir. 2020); *Betts v. Shearman*, No. 12-cv-03195, 2013 WL 311124, at *16 (S.D.N.Y. Jan. 24, 2013), *aff'd,* 751 F.3d 78 (2d Cir. 2014). Because plaintiff has not pleaded the existence of a municipal policy that denied him of his constitutional rights, his Section 1983 complaint against the City of New York is dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

### II. NYPD

Plaintiff sues the NYPD for allegedly violating his civil rights. However, the NYPD is not a suable entity. The New York City Charter provides that "all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not that of any agency, except where otherwise provided by law." N.Y. City Charter, Ch. 17 § 396 ("Section 396"). The NYPD is an organizational subdivision of the City of New York and as such is not a suable entity. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Hussey v. New York Police Departments & Precincts in Brooklyn, NY*, No. 23-cv-00532, 2023 WL 2499215, at *2 (E.D.N.Y. Mar. 13, 2023); *Carter v. City of New York-New York City Police Dept.*, No. 22-cv-02440, 2022 WL 2657359, at *2 (E.D.N.Y. July 8, 2022); *Antonetti v. City of New York*, No. 20-cv-05109, 2022 WL 1105172, at *2 (E.D.N.Y. Apr. 13, 2022).

Because Section 396 precludes plaintiffs from bringing claims against the NYPD, plaintiff's complaint against the NYPD is dismissed for failure to state a claim. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

### III. Queens Defenders and Peter Barta

Plaintiff sues the Queens Defenders, a public defender organization[4], and his assigned attorney, Peter Barta. However, he does not allege what these defendants did or failed to do in violation of his rights. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the plaintiff must provide a short, plain statement of his claim against each named defendant so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *see also* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plan statement of the claim showing that the pleader is entitled to relief[.]"). For that reason alone, plaintiff's complaint must be dismissed against these defendants.

Furthermore, plaintiff's claims against the Queens Defenders and Barta cannot proceed because they are private parties. The Constitution regulates only the conduct of government actors and not that of private parties. *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). "[P]rivate conduct, no matter how discriminatory or wrongful," is generally beyond the reach of Section 1983. *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50. It is well-settled that a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("it is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and are therefore not subject to suit under 42 U.S.C. § 1983") (collecting

---

[4] *See* Queens Defenders Home Page, https://queensdefenders.org/ [https://perma.cc/Q3FU-FSUQ] (last visited 12/10/24).

cases). Therefore, plaintiff's claims against the Queens Defenders and Peter Barta are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV. John Doe Defendants

Plaintiff's claims against John Doe Detective #1 and John Doe Detective #2 may proceed. Liberally construed, plaintiff's factual allegations regarding the circumstances of his arrest and interrogation plausibly state a claim for relief under Section 1983. However, the United States Marshals Service will not be able to serve these individuals without further identifying information. Accordingly, the Court hereby respectfully requests that the Corporation Counsel for the City of New York ascertain the full names and badge numbers of these defendants, employed by the 110th Police Precinct on December 28, 2022, as set forth in the Complaint. *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam). The information should be provided to the Court within forty-five (45) days from the date of this Order. Once these defendants are identified, plaintiff's complaint shall be deemed amended to reflect the full names and badge numbers of these officers, a summons shall issue, and the Court shall direct service by the United States Marshals Service on these defendants without prepayment of fees.

### CONCLUSION

As set forth above, the Court dismisses plaintiff's complaint against the City of New York, the NYPD, the Queens Defenders, and Peter Barta for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). No summons shall issue against these defendants. At this juncture, the Complaint shall proceed as to John Doe Detective # 1 and John Doe Detective # 2, once identified by the Corporation Counsel as set forth above. The case is referred to the Honorable Joseph A. Marutollo, United States Magistrate Judge, for pretrial supervision.

7

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Court respectfully directs the Clerk of Court to mail a copy of this Order to plaintiff and a copy of this Order and the Complaint to the Corporation Counsel for the City of New York, Special Federal Litigation Division, and to note the mailings on the docket.

**SO ORDERED.**

                                                           /s/Natasha C. Merle
                                                        NATASHA C. MERLE
                                                        United States District Judge

Dated:        December 10, 2024
                Brooklyn, New York