

| | **THE CITY OF NEW YORK** | |
|---|---|---|
| **MURIEL GOODE-TRUFANT** | **LAW DEPARTMENT** | **JOSEPH ZANGRILLI** |
| *Corporation Counsel* | 100 CHURCH STREET | Tel.: (212) 356-2657 |
| | NEW YORK, N.Y. 10007 | Fax: (212) 356-3509 |
| | | jzangril@law.nyc.gov |
| | | *Senior Counsel* |

July 23, 2025

**BY ECF**
Honorable Natasha C. Merle
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Ricco Slade v. City of New York, et al.</u>, 24-CV-6711 (NCM)(JAM)

Your Honor:

      I am a Senior Counsel in the Office of Corporation Counsel Muriel Goode-Trufant, attorney for the Defendants Steven Gassick and Julio Tejada in the above-referenced matter.[1] Pursuant to Your Honor's Individual Rule III.A, Defendants respectfully request a pre-motion conference on their anticipated motion to dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and FED. R. CIV. P. 12(b)(6).

**Facts and Procedural Posture**

      Plaintiff Ricco D. Slade filed this civil-rights action on January 22, 2024, asserting a broad mix of claims that ranged from his December 28, 2022 arrest in Queens through alleged mistreatment during subsequent confinement at Rikers Island and Bellevue Hospital. On September 5, 2024 that Southern District of New York severed the arrest-related portion of the pleading and transferred it to this District. (Partial Transfer Order, ECF No. 7.) Your Honor then screened the transferred material pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), dismissing all but two John Doe detectives and clarifying the allegations Plaintiff could proceed on against those detectives. (ECF No. 11, at 3–4; <u>see</u> Compl., ECF No. 1, at PDF pp. 4–5) Pursuant to that Order and *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the City identified Detectives Steven Gassick and Julio Tejada, who were substituted for the Doe defendants. (ECF Nos. 15, 19.)

      The remaining claims in the Complaint allege that Plaintiff agreed to visit the 110th Precinct after receiving a detective's message but was instead taken into custody and taken to the stationhouse. Once at the precinct, Detectives Gassick and Tejada purportedly inventoried his belt, shoelaces, and Baha'i prayer beads, and told him he was "getting arrested for robbery" without first administering *Miranda* warnings. (Compl. at 5, ECF No. 1.) No incriminating statement is alleged, and the pleading attributes no role to the detectives in the street-level seizure or in any events that occurred after Plaintiff was arraigned. (<u>See generally</u> <u>id.</u>)

1

**1. PLAINTIFF'S FOURTH AMENDMENT CLAIMS ARE BARRED BY *HECK***

Plaintiff's Fourth Amendment claims cannot survive because his undisputed conviction for—and guilty plea to—the very robbery announced by the detectives forecloses any claim that the arrest lacked probable cause. Under Cameron v. Fogarty, 806 F.2d 380, 388–89 (2d Cir. 1986), a conviction that has not been overturned is "conclusive evidence" of probable cause and defeats both false arrest and malicious prosecution claims. Accord Moore v. City of Syracuse, 711 F. Supp. 3d 143, 146–47 (N.D.N.Y. 2024) (collecting cases). Courts continue to apply that rule after Heck v. Humphrey, 512 U.S. 477 (1994), recognizing that success on a damages action predicated on the absence of probable cause would necessarily impugn the validity of the outstanding judgment. See, e.g., Moore, 711 F. Supp. 3d, at 150; Powell v. Scanlon, 390 F. Supp. 2d 172, 176–77 (N.D.N.Y. 2005). Plaintiff's Certificate of Disposition, annexed here as Exhibit A, shows that Plaintiff pled guilty to the charges at issue in this case; that the Kings County Supreme Court entered judgment on May 28, 2024; and that that judgment remains intact. Plaintiff does not allege that it has been reversed, expunged, or otherwise called into question. Courts in this Circuit consistently hold that a guilty plea, even to a lesser charge, bars § 1983 claims for false arrest because the plea serves as conclusive proof of probable cause. See, e.g., Gustafson v. Vill. of Fairport, 106 F. Supp. 3d 340, 348 (W.D.N.Y. 2015) (citing Roundtree v. City of N.Y., 778 F.Supp. 614, 619 (E.D.N.Y. 1991)).

Setting Heck aside, there is no plausible basis for inferring an absence of probable cause. Plaintiff concedes that he was taken into custody on a judicial warrant executed by a task force, not the defendants. (Compl., ECF No. 1, at PDF 4). He attributes no false statements or material omissions to the detectives in obtaining that warrant, and does not dispute that a DNA match to clothing linked him to the robbery. Accordingly, Plaintiff's Fourth Amendment claims must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) and FED. R. CIV. P. Rule 12(b)(6).

**2. PLAINTIFF'S *MIRANDA* CLAIM IS NOT COGNIZABLE[1]**

Plaintiff contends that Detectives Gassick and Tejada questioned him about a robbery without first advising him of his rights and that he immediately "asked for a lawyer" and refused to speak. That allegation does not state a constitutional violation. Miranda v. Arizona, 384 U.S. 436 (1966), created prophylactic warnings to guard the Fifth Amendment privilege against self-incrimination during custodial interrogation, but the warnings themselves are not constitutional rights. The Supreme Court and the Second Circuit have long held that the mere failure to recite them does not furnish a cause of action under § 1983; liability arises only when an unwarned or coerced statement is later used against the accused. See Turner v. Lynch, 534 F. Supp. 686, 692 (S.D.N.Y. 1982) (suppression, not damages, is the sole remedy for unwarned interrogation); Weaver v. Brenner, 40 F.3d 527, 534 (2d Cir. 1994) (Miranda's safeguards are "prophylactic only."); Vega v. Tekoh, 597 U.S. 134, 150–51, (2022)

---

[1] Plaintiff's Complaint notes claims arising under the Sixth Amendment, but not the Fifth. (See Compl. at 5.) Construing the *pro se* complaint liberally and interpreting it to raise the strongest arguments it suggests, Defendants note that the right to warnings during custodial interrogation derives from the Fifth Amendment's Self-Incrimination Clause, not the Sixth Amendment right to counsel, which attaches only upon the commencement of formal adversarial proceedings. See Kirby v. Illinois, 406 U.S. 682, 689 (1972). Defendants therefore analyze Plaintiff's Miranda claim under the Fifth Amendment.

(failure to give warnings is not itself a Fifth-Amendment violation and cannot support § 1983 damages).

Here, Plaintiff alleges no statement at all and proffers no hint of coercion.[2] Rather, Plaintiff specifically states that he "refused to answer any questions without an attorney present." (Compl. at 5.) Therefore, Plaintiff can plead no set of facts that would present a plausible Miranda claim. Because Plaintiff pleads neither coercion nor the use of any statement obtained without warnings, his Miranda claim must be dismissed.

**3. PLAINTIFF'S INCIDENT-PROPERTY ALLEGATION DOES NOT STATE A FIRST OR FOURTEENTH AMENDMENT CLAIM**

Plaintiff's remaining factual assertion alleges that, during booking, Detectives Gassick and Tejada removed his belt, shoelaces, and a set of Baha'i prayer beads. Taken at face value, that allegation cannot support either a Free Exercise or a procedural due process claim. It is self-evident that a "belt, shoestrings, and Baha'i prayer beads" (Compl. at 5.) present identical ligature risks, and their seizure is consistent with a neutral, generally applicable safety policy that is constitutional. See Bell v. Wolfish, 441 U.S. 520, 546-47 (1979) (restrictions on pretrial detainees constitutional if reasonably related to legitimate governmental objectives); Reinhart v. City of Schenectady Police Dept., 599 F. Supp. 2d 323, 330 (N.D.N.Y. 2009) (upholding seizure of brassieres, noting that "There are various items of clothing commonly seized from pretrial detainees who might use those items to harm themselves. Thus, belts, shoelaces and necklaces are commonly seized, and returned when a pretrial detainee is released.").

Nothing in the Complaint suggests the detectives singled out the prayer beads because of Plaintiff's faith. The simultaneous removal of secular items (belt and shoelaces) demonstrates that the action was "neutral and generally applicable" rather than targeting religious practice. J.H. v. Bratton, 248 F. Supp. 3d 401, 411 (E.D.N.Y. 2017) (upholding neutral policy requiring removal of religious head coverings for photographs). Courts have specifically upheld restrictions on prayer beads when based on legitimate security concerns. See Alameen v. Coughlin, 892 F.Supp. 440, 449 (E.D.N.Y. 1995).

Even if the Court believed a constitutional right were somehow affected, qualified immunity would shield the detectives: no precedent puts officers on notice that removing stringed objects during intake, without a request for accommodation and with an obvious security rationale, violates clearly established law. See Vann v. Fischer, 2014 WL 4188077, at *16 (S.D.N.Y. Aug. 22 2014) (confiscation of inmate's beads during processing permissible absent discriminatory intent) (abrogated on other grounds).

Accordingly, the incident-property allegation fails to state any cognizable claim and should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6).

---

[2] Defendants possess contemporaneous video of the precinct interview that depicts the defendants reading Plaintiff full Miranda warnings; the recording can be provided should the Court later deem it relevant.

For the foregoing reasons, Defendants respectfully requests that the Court schedule a pre-motion conference in order to discuss Defendants' anticipated motion to dismiss. In the alternative, if the Court deems that a conference is unnecessary, Defendants respectfully propose the following briefing schedule:

- Defendants' deadline to file motion to dismiss: August 25, 2025;
- Plaintiff's deadline to file opposition: September 24, 2025; and
- Defendants' deadline to file reply, if any: October 8, 2025.

Defendants thank the Court for its time and consideration herein.

Respectfully Submitted,

*Joseph Zangrilli /s/*

Joseph Zangrilli
Attorney for Defendants
*Senior Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2657
jzangril@law.nyc.gov

Cc:   **VIA FIRST CLASS MAIL**
Ricco D. Slade
24B2450
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021
*Plaintiff Pro Se*